181 F.Supp. 734 (1960)
Edwin L. JOHNSON, Herbert K. Brandon, Irving Taylor, John Lepaule, Wesley Nichols, William R. Brown, Rodger D. Ketterman and Floyd E. Hawkins, Plaintiffs,
v.
LOCAL UNION NO. 58, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Robert Rushford, Daniel Dimond and Joseph Laplante, Defendants.
No. 19434.
United States District Court E. D. Michigan, S. D.
February 10, 1960.
*735 Wallace D. McLay, Houston & McLay, Pontiac, Mich., for plaintiffs.
A. L. Zwerdling, Zwerdling & Zwerdling, Detroit, Mich., for defendants.
FREEMAN, District Judge.
This motion to dismiss the complaint arises out of a suit brought under certain sections of the Labor Management Reporting and Disclosure Act of 1959, P.L. 86-257, 73 Stat. 519, Chapter 11, Title 29 U.S.C.A. § 401 et seq. In essence, the complaint alleges that the plaintiffs, several of whom appear to be members of the International Brotherhood of Electrical Workers residing in Oakland County, Michigan, have been *736 assembling for the purpose of petitioning the International Brotherhood for a local charter for Oakland County and that the defendants have disturbed such meetings and "have been intimidating and threatening the plaintiffs in their job and personal security." The principal relief prayed for is an injunction restraining the defendants and their agents and representatives, etc., "from attending any of plaintiffs' meetings, loitering in or near the vicinity of plaintiffs' meetings, discriminating against any of the plaintiffs in their job right pursuant to the constitution and by-laws of Local Union No. 58, or threatening or intimidating any of the plaintiffs."
Defendants filed a motion to dismiss, supported by thirteen separate grounds. Careful consideration of all these grounds discloses that eight grounds, some of which were not urged on oral argument, are insufficient to support the motion. This leaves for further consideration only the five grounds which, in essence, allege unconstitutionality of § 101(a) (2) of the Act, 29 U.S.C.A. § 411(a) (2), failure to exhaust internal union remedies, lack of jurisdiction as far as this suit concerns plaintiffs who are not members of a labor organization, failure to allege sufficient facts to support a class action, and failure to allege a cause of action as far as the complaint asks for protection from job-right discrimination.
The argument with regard to the alleged unconstitutionality of § 101(a) (2) is that that section attempts to regulate the internal affairs of a labor organization and therefore is outside the scope of the commerce clause of the United States Constitution, Const. art. 1, § 8, cl. 3.
The section in issue provides, in pertinent part:
"Every member of any labor organization shall have the right to meet and assemble freely with other members; * * *."
Since § 102 of the same Act gives a cause of action to persons whose rights under § 101 have been infringed, it appears that, in effect, Congress has prohibited undue interference with the freedom of speech and assembly of members of a labor organization. If such interference is brought about by the labor organization, § 101(a) (2) may then correctly be characterized as regulating the "internal affairs" of a labor organization. It is not apparent, however, how such a characterization must ipso facto place § 101(a) (2) outside the scope of the commerce clause of the United States Constitution. The test is not how the area regulated may be characterized, but whether the activities or relationships so regulated have a substantial effect on interstate commerce.
No claim was made by the defendants that the labor organization involved in this action is not one engaged in an industry affecting commerce, as defined by § 3(i) of the same Act. The court finds that the defendants have failed to overcome the presumption of constitutionality attached to a statute passed by the Congress of the United States and further finds that the alleged disturbances of meetings and the alleged threats to plaintiffs' job and personal security in the present action affect interstate commerce in such a manner as to bring the enactment of § 101(a) (2) within the well defined scope of the commerce clause of the United States Constitution.
Defendants also claim that this court lacks jurisdiction over the subject matter because plaintiffs have failed to exhaust reasonable hearing procedures within the defendant labor organization, contrary to the proviso of § 101(a) (4), which provides:
"Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof. * *"
It appears from the oral arguments heard in connection with this motion that *737 the applicable hearing procedures are set forth in the constitution of the International Brotherhood of Electrical Workers (1958). Article XXVII, § 9, of the constitution provides that complaints against a local officer charged with an "offense" must be filed with the International Vice President of the appropriate district. Thereafter, the aggrieved party may appeal to the International President, to the International Executive Council (which meets four times a year) and, finally, to the International Convention (which meets every four years), pursuant to § 17 of the same article.
The plaintiffs admit that they did not avail themselves of this procedure to process their charges, but contend that the procedure provided for is "unreasonable" for purposes of compliance with § 101(a) (4). This court is inclined to accept that contention in view of the multiple appellate agencies, their infrequent meetings and also in view of the fact that the constitution does not provide time limits for decision by such trial and appellate agencies. Furthermore, Article XXVII, § 2(15), of the constitution seems to expressly prohibit such meetings as are involved in the present action and neither the constitution nor the local by-laws seem to prohibit the acts of which the plaintiffs complain. Because of the possible long delays in processing a charge and the serious doubt whether the acts here complained of constitute an "offense" within the meaning of § 9, Article XXVII, of the constitution, this court finds that the hearing procedures provided for by the Union are "unreasonable" for purposes of § 101(a) (4) and consequently did not need to be complied with.
Defendants further claim that this court does not have jurisdiction with regard to those plaintiffs who are not members of a labor organization. Since § 101(a) (2), pursuant to which this action is brought, is expressly made applicable only to members of any labor organization, it appears that this court lacks jurisdiction with respect to those plaintiffs who are not "members of any labor organization" as defined by § 3(i) and (o). The motion to dismiss as to those plaintiffs is therefore granted.
In support of their motion to dismiss, defendants further allege that the complaint fails to allege facts showing that plaintiffs adequately and fairly represent the classes of persons whom they claim to represent. From Paragraphs 3 and 4 of the complaint, it appears that this action was brought on behalf of two classes. One class comprises members of the International Brotherhood of Electrical Workers and the other class comprises persons who are alleged to be "qualified inside wiremen," but are not alleged to be members of any labor organization. This court has already determined that it lacks jurisdiction as to the latter class and has granted the motion to dismiss with respect to that class. This leaves for consideration the class of persons alleged to be comprised of members of the International Brotherhood of Electrical Workers. Specifically, Paragraph 3 of the complaint alleges that the action is brought "on behalf of each and all other persons similarly situated who have been meeting and assembling with your individual plaintiffs for the purpose of petitioning the International Brotherhood of Electrical Workers for a local charter for the geographical area of Oakland County, Michigan." As limited by Paragraph 3 of the complaint, it appears that all the members of the class have a common right to assemble freely, pursuant to § 101(a) (2), and that the named plaintiffs, being officers and members of the group holding such meetings, will fairly and adequately represent such class and the court so finds.
Finally, defendants claim that the complaint contains no allegation of discrimination regarding job rights and that such job rights, in any event, are outside the scope of Title I of the Labor Management Reporting and Disclosure Act. Even though the complaint does not allege past or present discrimination, Paragraph 6 of the complaint alleges that "the defendants have been intimidating and threatening the plaintiffs in their job *738 and personal security * * *" In Paragraph 9, it is again alleged that the plaintiffs fear discrimination "against any of the plaintiffs in their job right pursuant to the constitution and by-laws of Local Union No. 58 * * *" It is not apparent how the threatened retaliation by job-right discrimination would interfere any less with the right of the plaintiffs to assemble freely than would the threat of physical violence or any other method of interference.
In accord with the foregoing, it therefore appears that defendants' motion to dismiss is without merit and must be denied, except as to the class of plaintiffs who are not alleged to be members of any labor organization. With respect to that class of plaintiffs, the motion is granted.
An appropriate order may be submitted.