UNITED STATES of America,
Plaintiff,

v.

John Oscar HAVERLICK, Defendant.

Crim. No. 32785.

United States District Court
N. D. New York.

June 13, 1961.

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y., Edward J. McLaughlin, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for plaintiff.

Charles R. Rinaldo, Syracuse, N. Y., for defendant.

BRENNAN, Chief Judge.

This motion to dismiss the indictment herein challenges the constitutionality of Section 501(c) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 501(c).

The statute involved makes it a criminal offense for any officer of a labor organization to steal or convert to his own use any of the moneys, funds, property or assets of such labor organization.

The indictment charges that the defendant, then Treasurer of Local 420 United Papermakers and Paperworkers Union, did over a specific period of time, embezzle, steal and convert to his own use money, funds and assets of said Local 420 to the amount and value of $770 in violation of the above section.

The defendant in effect contends that the above statute is unconstitutional in that it illegally interfers with the internal affairs of a labor union concerning which Congress has no power to legislate. No authority bearing directly upon the problem involved is cited so that it seems clear that inquiry must be made as to the existence of constitutional authority for the enactment of the statute. Such inquiry may well include the antecedents of the statute involved and comparable congressional legislation.

The commerce clause of the United States Constitution, Article 1, Section 8, which confers the power upon Congress to regulate commerce among the several states and to make all laws necessary and proper for the execution of the power granted is the basis of this legislation. The enactment of the present legislation may be said to be an extension of the Labor Management Relations Act and Railway Labor Act as amended, 45 U.S.C.A. § 151 et seq. It seems fair to say that in the past fifteen

years the commerce clause has been expanded by legislation and judicial decision in its extent and application insofar as it affects labor-management relations and their impact upon the free flow of commerce. This appears to arise by reason of the growing complexity of business methods and the statutory regulation of the bargaining rights of labor and management which have a direct or indirect effect upon the free flow of commerce. Activities which are interstate or intrastate in character are not immune from regulation if they have a close and substantial relation to interstate commerce and their control is appropriate to protect that commerce from obstruction. National Labor Relations Board v. Jones and Laughlin Steel Corp., 301 U.S. 1, 36 and 37, 57 S.Ct. 615, 81 L.Ed. 893. It follows that defendant's argument that the statute involved here and the violation charged relate to the internal management of the Union is not controlling but rather whether the integrity of union funds and assets have a substantial effect upon interstate commerce. Johnson v. Local Union No. 58 Intern. Broth. of Elec. Workers, D.C., 181 F.Supp. 734.

The statute itself is based on a Congressional declaration of findings, purposes and policy. Same are expressed in Sec. 401(a, b, c). In effect, it is found that in order to accomplish the objective of a free flow of commerce, it is essential that labor organizations and their officers adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organization. It is further found that by reason of breach of trust and corruption in the labor and management fields, legislation is necessary to protect the rights of employees and the public generally. The statute under attack is a part of the resulting legislation.

 The question then is whether or not the statute bears a reasonable relationship to the evil which it was designed to reach. American Communications Ass'n v. Douds, 339 U.S. 382, at page 391, 70 S.Ct. 674, 94 L.Ed. 925. Its underlying theory seems to be that the power of a labor organization to bargain collectively in matters affecting commerce, all of which is now regulated by statute, would be lessened by the misuse or abuse of its funds to the diminution of its power to bargain in matters affecting commerce. The statute then seems to be well within the power of Congress to enact under the broad provisions of the commerce clause.

The contention that the statute is an unlawful intrusion upon the rights reserved to the states is without force. The authority of the state in the matter of the enforcement of its criminal laws, relative to the violation charged here has not been impaired or diminished. 29 U.S.C.A. § 524.

For the reasons above indicated, the motion to dismiss is denied, and it is

So ordered.